No. 20,087.

HAROLD F. CARPENTER *v.* PHILIP J. DONOHOE, ET AL.
(388 P. [2d] 399)

Decided January 20, 1964.

Messrs. ROEPNACK and ORAHOOD, for plaintiff in error.

Mr. ISAAC S. WILLSON, Mr. ALFRED J. HAMBURG, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

THE Donohoes filed their complaint for damages against Carpenter, alleging fraud in their first count and breaches of warranties, express or implied, in the second. Compelled by the trial court to elect at the conclusion of the evidence whether they relied on fraud or warranties, the Donohoes chose the former. Thereupon the trial court dismissed the count based upon breaches of warranties, and entered judgment in favor of the Donohoes on the fraud count in the sum of $9740.24. Carpenter would have us reverse this judgment in this proceeding.

Carpenter had built, and was offering for sale, a house in Arvada, Colorado. The Donohoes purchased the house and within four months after they moved in, the walls

began to crack. From that time the condition of the house progressively worsened rather rapidly. The condition became so serious that, in order to prevent a cave-in of a wall of the basement, Carpenter shored it up with heavy lumber. Living in the house in time became hazardous to the Donohoe family.

The trial court made findings that the house was constructed in such manner that a number of county building code provisions were violated; that as a result of these violations the defects, of which complaint was made, developed; and that Carpenter knew of these violations, but that the Donohoes were ignorant of them and as to the Donohoes the violations constituted latent conditions, all of which made Carpenter accountable to the Donohoes in damages for fraudulent concealment.

Errors are attributed to the trial court's actions in determining (1) that there was sufficient evidence to sustain the charge of fraud, and (2) that proper evidence was adduced to show the resultant damages.

Actionable concealment consists of (a) the "concealment of a material existing fact, that in equity and good conscience should be disclosed"; (b) "knowledge that [one] is concealing a material fact that in equity and good conscience [one] should disclose"; (c) ignorance on the part of the one "from whom the fact is concealed * * * or of the existence of the fact concealed"; (d) the "concealment made or practiced with the intention that it shall be acted upon"; and (e) "concealment resulting in damage." *Morrison v. Goodspeed,* 100 Colo. 470, 68 P. (2d) 458; see *Cohen v. Vivian,* 141 Colo. 443, 349 P. (2d) 366, 80 A.L.R. (2d) 1448; *Denver Co. v. Lewis,* 148 Colo. 293, 365 P. (2d) 895.

Although the trial court could have inferred from the circumstances of the case that Carpenter intended that the concealment found to exist was to be acted upon by the Donohoes, it did not do so. The trial court is the factfinder, and it should have made a finding concerning this ingredient of fraudulent concealment. It is not the

function of this Court to make determinations of fact. *Risbry v. Swan,* 124 Colo. 567, 239 P. (2d) 600.

■ If other ingredients are proved, a case of fraudulent concealment is established when it is shown that a builder did not disclose to a purchaser that latent defects existed in a structure because of violations of a building code. *Wolford v. Freeman,* 150 Neb. 537, 35 N.W. (2d) 98.

The record discloses that the trial court received evidence of the cost to which the Donohoes were put in repairing the house, and lumped into this sum was the cost of removal of the septic tank and the piping to it, and the replacement of these fixtures with a sewer line attached to the public sewer service. There is no way that the cost of such removal and replacement may be separately ascertained.

■ Ordinarily, the measure of damages for fraud is the difference between the actual value and the value of the property if it had been as represented. *Corder v. Laws,* 148 Colo. 310, 366 P. (2d) 369. The cost of putting the property in the condition that would bring it into conformity with the value of the property as it was represented to be would satisfy this rule regarding the measure of damages. See *Glisan v. Smolenske,* 153 Colo. 274, 387 P. (2d) 260.

We entertain some misgivings concerning the proof of damages in this case meeting the standard required in fraud cases. But there is no doubt about the cost of the specific items of removal and replacement of fixtures for sewage: this represented a departure from the original construction of the house, and since the cost thereof was part of a total testified to, making it impossible to segregate it, the entire proof relating to the amount of damages leaves us without any means for determining a proper assessment of damages. See *Colorado Kenworth Corp. v. Whitworth,* 144 Colo. 541, 357 P. (2d) 628.

Since the judgment must be reversed for the reasons already expressed, we shall consider the propriety of the

action of the trial court in requiring the Donohoes to elect whether they sought relief for fraud or for breaches of warranties. Objection was made to the order directing that they make such election. We think this objection was well-founded. In our view, the count alleging breaches of warranties was proper and should be reinstated and both counts considered by the trial court upon retrial of the cause.

 A party should not be required to elect where the remedies he invokes are consistent with each other. If remedies are consistent with each other, the party may pursue them singly or together until he has one satisfaction. *German Natl. Bank v. J. D. Best Co.*, 32 Colo. 192, 75 Pac. 398; *Weddingfeld v. Gregersen*, 73 Colo. 582, 216 Pac. 1053.

May one seek to recover damages for fraud and for breach of warranty in the same action? Since both are based upon an affirmance of the contract, it is difficult to see how they are inconsistent remedies. Indeed, remedies resulting in affirmance of contracts are deemed consistent and a resort to them makes inapplicable the doctrine of election of remedies. *Weddingfeld v. Gregersen*, supra.

 An action to recover damages for fraud relates to conduct antedating the contract — conduct which induced a party to enter into a contract to his damage. Such an action recognizes the contract; the defrauded party merely seeks to recover damages to the extent that the subject of the contract falls short qualitatively or quantitatively of the representation inducing the transaction.

An action for damages for breach of warranty, whether express or implied, involves the relations between the parties arising out of contract. 77 C.J.S. 1117, § 302. Such an action is based upon contract, and the injured party (quite analogously to fraud) seeks to recover damages to the extent that the subject of the sale fails to have

the value of the property as warranted. *Glisan v. Smolenske,* supra.

In 1931 a departure from the rule of caveat emptor in the purchase of a house was announced by a dictum in the case of *Miller v. Cannon Hill Estates, Ltd.,* [1931] 2 K.B. 113. It was said in that case that warranties would be implied in a house, purchased in the course of construction, that it was built in an efficient and workmanlike manner and of proper materials and when finished would be fit for habitation.

Difficulty with such implied warranty rule was experienced later in the case of *Perry v. Sharon Dev. Co., Ltd.,* (1937) 4 All. E.R. 390 (C.A.), involving a substantially completed house. The court finally concluded that the house was unfinished, for purposes of applying the Miller dictum, and consequently applied the implied warranty doctrine to a house substantially finished.

A number of states have followed the Miller doctrine. See citations in *Glisan v. Smolenske,* supra. Indeed, this Court in the Glisan case applied the implied warranty doctrine to a house which was nearly completed, aligning its views with *Perry v. Sharon Dev. Co., Ltd.,* supra.

That a different rule should apply to the purchaser of a house which is near completion than would apply to one who purchases a new house seems incongruous. To say that the former may rely on an implied warranty and the latter cannot is recognizing a distinction without a reasonable basis for it. This is pointedly argued in an excellent article, "Caveat Emptor in Sales of Realty — Recent Assaults upon the Rule," by Bearman, 14 Vanderbilt Law Rev. 541 (1960-61.)

■ We hold that the implied warranty doctrine is extended to include agreements between builder-vendors and purchasers for the sale of newly constructed buildings, completed at the time of contracting. There is an implied warranty that builder-vendors have complied with the building code of the area in which the structure is located. Where, as here, a home is the subject of sale,

there are implied warranties that the home was built in workmanlike manner and is suitable for habitation.

The judgment is reversed with directions to reinstate the second count of the amended complaint and to proceed thereafter in manner consonant with the views herein expressed.

MR. CHIEF JUSTICE MCWILLIAMS and MR. JUSTICE SUTTON concur.