## No. 21518.

R. E. MULHERN, DOING BUSINESS AS MULHERN CONSTRUCTION COMPANY, AND DOING BUSINESS AS DICK MULHERN CONSTRUCTION COMPANY *v.* CARL F. HEDERICH AND DOROTHY M. HEDERICH.

(430 P.2d 469)

Decided July 17, 1967.

SCHMIDT & VAN CISE, for plaintiff in error.

FULLER and EVANS, DWIGHT A. HAMILTON, ROBERT W. HOLT, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

THIS action was instituted in the district court for the alleged breach of an implied warranty of fitness for habitation in the construction of a house. We will refer to the parties by name.

The Hederichs purchased the house from Mulhern, a building contractor, when it was in the process of being constructed. The contract to purchase was signed about two weeks after the Hederichs had seen the property, with on·y the concrete foundation walls and the floor of the basement in place. Both the Hederichs and Mulhern were aware of the soil condition in the area, which had caused problems in other homes in the vicinity. Nevertheless, the Hederichs had been assured by Mulhern that corrective measures had been taken with reference to this house.

On his visits to the house site, Hederich early noticed hairline cracks in the basement slab. He was assured by Mulhern's manager, however, that these were to be expected. Shortly after moving in the Hederichs noticed several defects in the house, including a severe cracking of the basement slab, which caused the center portion of the slab to "heave" $\frac{1}{2}$ to 1 inch above the level of the slab next to the foundation walls. This, in turn, created a physical distortion in the upper floor so that the doors jammed and cracks appeared in the walls. Hederich attempted to modify the doors and door openings and to repair the cracks, but the cracks reappeared in many instances, and difficulties with the doors persisted.

Trial was to the court, which found that the basement was uninhabitable and could not be used for the purpose for which it was designed, and, further, that the first floor area, particularly with reference to rooms leading off the center hallway, became "uninhabitable to a degree by reason of the failure of the doors to function properly * * *." Judgment was rendered against defendant in the amount of $3510.

In the instant case there are implied warranties that the house is built in a workmanlike manner and is suitable for habitation. *Carpenter v. Donohoe*, 154 Colo. 78, 388 P.2d 399; *Glisan v. Smolenske*, 153 Colo. 274, 387 P.2d 260. Mulhern contends that the house is reasonably habitable and that the defects complained of are minor and that no breach of implied warranty occurred. He further contends that the Hederichs were responsible for the condition by installing a sprinkler system and creating a finished grade which permitted surface water to permeate down along the foundation walls and collect under the basement slab, resulting in the swelling and shrinking which caused the heaving of the soil.

Both of the contentions of Mulhern were resolved by the trial court contrary to his assertions. We deem the questions posed by this writ of error to be factual ones and not matters of law.

What is habitable is not easy to define, but the court found substantial defects which would cost $3500 to remedy in a house costing $25,000 including the land — approximately 15% of the cost of construction. It made the express finding:

"* * * As a result of the movement of the house, which was described by one of the expert witnesses as a 'wracking' of the structure, the basement of the house became uninhabitable and could not be used for the purposes for which it had been designed, namely the division thereof into rooms for use by members of the family. Likewise, the first floor area in the vicinity of the center hallways situate above the supporting steel beam became to a degree uninhabitable by reason of the failure of the doors to function properly * * *."

In addition, the court found other defects involving the heating plant and the ceramic tile shower in the master bathroom, with water from the shower passing through the floor into the basement, causing soaking of the wooden under-structure of the residence, all of which were also supported by competent evidence.

On the matter of the Hederichs contribution to the surface water problem causing the shrinkage and swelling of the soil, the court said:

"* * * that plaintiffs [Hederichs] have not used their premises in any manner other than the usual normal intended manner. The court visited the premises on two different occasions and examined the defects complained of and also the finished grade of the lawn area and the sprinkling system."

Here again is a writ of error involving findings of the trial court on disputed questions of fact. As we have repeatedly stated — it requires no citation of authority for the proposition that this court will not disturb a judgment predicated upon findings of the trial court.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE HODGES concur.