524 P.2d 632 (1974)
Richard C. WITTERS, Plaintiff-Appellant,
v.
DANIELS MOTORS, INC., a Colorado corporation, and Western Surety Company, Defendants and Third Party Plaintiffs-Appellees,
v.
CHEVROLET MOTORS DIVISION OF GENERAL MOTORS CORPORATION, Third Party Defendant.
No. 73-203.
Colorado Court of Appeals, Div. II.
June 25, 1974.
*633 Evans, Peterson, Torbet & Briggs, John R. Torbet, Colorado Springs, for plaintiff-appellant.
Cole, Hecox, Tolley, Edwards & Hero, Gerald G. Tolley, Michael R. Bromley, Colorado Springs, for defendants and third party plaintiffs-appellees.
Not Selected for Official Publication.
ENOCH, Judge.
Richard C. Witters, plaintiff, appeals from a judgment entered against defendant Daniels Motors, Inc. (Daniels) awarding plaintiff $295. We affirm.
In May 1971, plaintiff purchased a 1971 Corvette from Daniels. Daniels represented the Corvette as a new car. From the date of purchase plaintiff had difficulty shifting the car into reverse, but he did not notify Daniels of this problem. During June of 1971, plaintiff drove the car from Colorado to Florida, to New Jersey, to Texas and then back to Colorado. While in Texas, he was involved in an accident in which the front end of the Corvette was damaged when it struck an interstate highway sign. On the journey from Texas to Colorado, plaintiff noticed an unusual sound in the rear of the car, which was later identified as a problem with the rear wheel bearings. Sometime in July, after the car had been driven approximately 11,000 miles, plaintiff purchased four new radial tires to replace the original factory tires, two of which were balding. Plaintiff took the car to Daniels in August to have the wheel bearings checked, and was *634 told that nothing was wrong. Shortly thereafter, the bearings seized and Daniels replaced the bearings without cost to plaintiff. In November, plaintiff was involved in a second accident in which the right front bumper and fiberglass body of the Corvette were damaged. Plaintiff returned the car to Daniels in December for further repairs to the wheel bearings and was charged approximately $50 for this work.
While again in New Jersey for the holidays, plaintiff experienced additional bearing problems and at that time noticed that a rear spring was bent. He called Daniels and inquired whether any work had been done on the car prior to delivery. After checking the records, the service manager notified plaintiff that, due to transit damage, several repairs had been made. According to a service ticket provided by Daniels, these repairs included replacing the center cross-member and transmission mount, repairing the exhaust brackets, and aligning both front and rear wheels. Plaintiff asked Daniels to provide him with a new car, but was told that they would only repair the vehicle he owned.
Plaintiff then took the car to a shop in Colorado Springs specializing in Corvette servicing. The owner of the shop testified that the cross-member had to be removed and rewelded because it had been improperly positioned and improperly welded by Daniels. In addition, the wheel bearings and rear spring were replaced, the frame straightened and transmission adjusted, and a crack in the floor of the car (which no one had noticed previously) was repaired. The total bill was $500, $250 representing labor and parts required to correct the wheel bearing problems.
Plaintiff brought suit against Daniels alleging fraud, breach of express warranty, violation of the Colorado Consumer Protection Act, 1969 Perm.Supp., C.R.S.1963, 55-5-2(1)(f), (g) and (h), and failure to repair properly the defects resulting from transit damages. He requested actual damages for amounts spent on repairs and new tires, punitive damages, and attorney's fees. The trial court found that repairs to the wheel bearings made by Daniels in December 1971 had not been properly performed, and awarded plaintiff $295. The court further found that plaintiff had failed to establish a causal connection between damages incurred by the automobile in transit and expenses claimed by plaintiff for other repairs and tire wear. Punitive damages and attorney's fees were denied.
On appeal, plaintiff contends that the trial court erred in refusing to award the total amount of damages sought, including exemplary damages and attorney's fees. We do not agree.
With respect to each item of damage claimed by plaintiff, the record reflects either no evidence of a causal link with the transit damage or conflicting testimony on the issue of causation. There is no evidence whatsoever to indicate that the rip in the floor of the vehicle or the defect in the rear spring existed prior to delivery to plaintiff. Testimony by defendant's expert witness supports the trial court's implied conclusion that the cross-member was not improperly positioned or improperly welded by Daniels. The record contains conflicting testimony regarding the possible causes of tire wear, misalignment, defective bearings, and transmission problems. The trial court's findings against plaintiff on the issue of causation, based on the conflicting testimony, will not be disturbed on review. Hayutin v. Gibbons, 139 Colo. 262, 338 P.2d 1032.
Plaintiff's primary contention on appeal is that the court erred in disallowing recovery under 1969 Perm.Supp., C.R.S.1963, 55-5-2 et seq., or under a fraud or breach of warranty theory. The Colorado Consumer Protection Act Provides:
"55-5-2. Deceptive Trade Practices.(1)(a) A person engages in a deceptive trade practice when in the course of his business . . . he:
. . . . . .
(g) Represents that goods are original or new if he knows or should know that *635 they are deteriorated, altered, reconditioned, reclaimed, used or secondhand. . . .
. . . . . .
55-5-12. Damages.The provisions of this article shall be available to any person in a civil action for any claim against any person who has acquired any moneys or real or personal property by means of any deceptive practice listed in section 55-5-2. . . . The court may award attorney's fees to the prevailing party."
Plaintiff argues that defendant's failure to disclose, prior to sale, that the automobile had been damaged in transit and repaired constitutes a deceptive trade practice under the Act, as well as a misrepresentation of a material fact and breach of an express warranty of "newness." However, it is not necessary to decide the merits of these arguments, since, as discussed below, plaintiff failed to prove damages entitling him to recovery under any of these theories.
With respect to the fraud and breach of warranty claims, plaintiff had a choice of remedies. He could have disaffirmed the contract and sought recission; or he could have affirmed the contract and claimed monetary damages based either on (1) the difference in value between the car he received and a "new" car, or (2) the cost of repairing the alleged defects. Carpenter v. Donohoe, 154 Colo. 78, 388 P.2d 399; Dumas v. Klatt, 132 Colo. 333, 288 P.2d 642; C.R.S.1963, XXX-X-XXX, XXX-X-XXX.
Plainiff elected to seek monetary damages for amounts expended in making repairs on the car. As discussed above, the trial court ruled that plaintiff failed to establish the necessary causal connection between those repairs and the alleged fraud or breach of warranty. Plaintiff presented no evidence relating to difference in value. Therefore, even if defendant's failure to disclose the transit damage does constitute fraud or breach of warranty, a question which we do not decide, plaintiff would not be entitled to recover under the damage remedy he chose to pursue.
Plaintiff contends that 1969 Perm.Supp., C.R.S.1963, 55-5-12, does not specify that any money damages must be proven by a party seeking to invoke its provisions. Although this may be true in a suit for recission based on violation of the Act, plaintiff in this case is again defeated by his failure to prove a right to recover under the theory he elected. The Act provides the substantive basis on which consumers may predicate a cause of action, but it does not define the remedies to be applied by courts. By implication, traditional common law remedies are to be employed. We hold, therefore, that where money damages are sought for violation of the Act, plaintiff must show a causal connection between the alleged violation and the amounts he seeks to recover. Plaintiff failed to do so in this case. Since he was unable to establish a right to recover under the Act, he cannot take advantage of its provisions regarding attorney's fees. We note that even if plaintiff had established a right to recover under the Act, the awarding of attorney's fees is discretionary on the part of the trial court. 1969 Perm.Supp., C.R.S.1963, 55-5-12.
Finally, plaintiff contends that the court erred in refusing to award punitive damages. We do not agree. The trial court allowed damages for defendant's failure to repair the wheel bearings properly. Plaintiff failed to prove any actual damages resulting from the alleged fraud of defendant, nor did he make any showing that the improper repair was wanton or willful; thus, he was not entitled to punitive damages. See C.R.C.P. 101(d).
The judgment of the trial court is affirmed.
SILVERSTEIN, C.J., and COYTE, J., concur.