531 P.2d 972 (1974)
Ingvar SODAL and Jofrid Sodal, Plaintiffs-Appellees,
v.
Albert L. FRENCH and Treva French, Defendants-Appellees, and
Walter Slack, d/b/a Walter Slack Realty, Defendant-Appellant.
No. 74-013.
Colorado Court of Appeals, Div. I.
November 12, 1974.
As Modified on Denial of Rehearing December 24, 1974.
Certiorari Granted March 3, 1975.
Paul Snyder, Jr., Boulder, for plaintiffs-appellees.
Lynn W. Toedte, Denver, for defendant-appellant.
No appearance for defendants-appellees.
Selected for Official Publication.
*973 STERNBERG, Judge.
This is an appeal from a judgment awarding damages to the purchasers of a home against the real estate agent who sold it to them. The basis for the award was false representation. We affirm.
The Frenches (sellers), listed their property for sale with Slack Realty (agent), and the Sodals (purchasers) bought it. This property consisted of a home on approximately one acre of ground located in Boulder County just beyond the corporate limits of the City of Boulder. After closing the transaction, the purchasers brought this action against both the sellers and the real estate agent alleging that, contrary to representations that had been made to them, the well that constituted the home's water supply was not adequate to supply the domestic water needs of their family. Following trial to the court, judgment was entered against the agent on the grounds that he had made a false representation concerning the well, without an honest belief as to the truth of the representation. The court dismissed the action against the sellers because there was no credible evidence that they had concealed any material facts about the water supply.
Included in the court's extensive findings of fact are these: The agent had represented to the purchasers that the well was adequate to supply a family of five with domestic water; the representation was made with the intent that the purchasers rely upon it; the representation was made in order to induce the purchasers to sign the contract leading to the eventual purchase of the property; and, as stipulated by the parties at the pretrial conference, the well did not furnish adequate amounts of domestic water. The court also found that the purchasers closed the transaction in reliance upon that representation, and that they were justified in relying upon the representation because of the apparent superior knowledge of the agent. There being sufficient evidence in the record to serve as a basis of these findings by the trier of fact, they cannot be disturbed on appeal. Broncucia v. McGee, 173 Colo. 22, 475 P.2d 336.
The real estate agent argues that actual knowledge and intent to deceive must be proved in order to hold a person liable for fraud. We do not agree. As stated in Stimson v. Helps, 9 Colo. 33, 10 P. 290:
"It is not necessary, in order to constitute a fraud, that the party who makes a false representation should know it to be false. He who makes a representation as of his own knowledge, not knowing whether it be true or false, and it is in fact untrue, is guilty of fraud as much as if he knew it to be untrue. In such a case he acts to his own knowledge, falsely, and the law imputes a fraudulent intent."
See Duke v. Pickett, 168 Colo. 215, 451 P.2d 288; Colorado Jury Instructions 19:1 and 19:12.
Damages were awarded to the purchasers for the cost of annexing the property to the City of Boulder (a prerequisite to obtaining city water) and of joining its water system. An additional sum was awarded to compensate for the loss of ditch rights by approximating the cost of irrigation water to be purchased from Boulder. The evidence is undisputed that Boulder requires ditch rights appurtenant to a property be sold to it at a nominal price upon annexation. Since the purchasers would be required to give up their ditch rights in order to obtain an adequate supply of water, this additional sum was necessary to enable the purchasers to obtain the irrigation water to which they were entitled under the contract.
The court used as a measure of damages the cost necessary to put the property in the condition that would bring it into conformity with its value as represented. Citing Otis & Co. v. Grimes, 97 Colo. 219, 48 P.2d 788, defendant urges that the proper measure of damages should be the difference between actual market *974 value of the property and the value as represented. He contends that the "cost to conform" rule is a special application of the Otis rule, to be used as a "short cut" where the property can readily be made to conform to the condition which was represented to exist. We do not agree that the "cost to conform" rule should be so limited.
The Supreme Court addressed the issue of these two measures of damages in Carpenter v. Donohoe, 154 Colo. 78, 388 P.2d 399. There the court reconciled the two standards by stating:
"Ordinarily, the measure of damages for fraud is the difference between the actual value and the value of the property if it had been as represented. Corder v. Laws, 148 Colo. 310, 366 P.2d 369. The cost of putting the property in the condition that would bring it into conformity with the value of the property as it was represented to be would satisfy this rule regarding the measure of damages. See Glisan v. Smolenske, 153 Colo. 274, 387 P.2d 260."
Moreover, it was not error for the trial court to allow damages for the loss of ditch rights. The conversion to the City of Boulder water system would be reasonable under the circumstances, particularly in view of testimony indicating that bringing in a replacement well to operate adequately was speculative, with less than a 60% probability of success. A party should not be forced to pursue one course of action where another is reasonable and will alleviate or cure the consequence of fraud or misrepresentation. See Stamp v. Rippe, 29 Colo.App. 185, 483 P.2d 420. Difficulty in measuring the value of the lost ditch rights should not prevent recovery. See Irish v. Mountain States Telephone & Telegraph Co., 31 Colo.App. 89, 500 P.2d 151.
Since we perceive no errors on either the liability or damages issues, the judgment is affirmed.
ENOCH and BERMAN, JJ., concur.