DIVISION OF EMPLOYMENT AND TRAINING, Petitioner,

v.

INDUSTRIAL COMMISSION OF the STATE OF COLORADO and Clifford Chacon, Respondents.

No. 84CA1402.

Colorado Court of Appeals, Div. I.

Aug. 8, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Christa D. Taylor, Asst. Atty. Gen., Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., James R. Riley, Jr., Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

No appearance for respondent Clifford Chacon.

PIERCE, Judge.

The Division of Employment and Training (Division) seeks review of a final order of the Industrial Commission determining that the Division may not impose penalties upon a claimant under the circumstances of this case. The Division also seeks review of the Commission's determination that the Division could collect the unemployment compensation overpayment in this case only by offsetting future benefits. We set aside the order and remand for further proceedings.

The factual background is undisputed. Clifford Chacon (claimant) made a claim for unemployment compensation benefits on December 13, 1982 after his employment had been terminated. While receiving unemployment benefits he failed to report 18.46 hours of employment. He testified that he filled out the unemployment compensation form on a Thursday and mailed it on the following Sunday. During the intervening period claimant worked on a temporary basis for his former employer. When the overpayment was discovered the Division assessed claimant the amount of the overpayment of unemployment benefits, a monetary penalty, and disqualified him from receiving future benefits for four weeks.

Claimant sought review of this order on the grounds that the four week disqualification was "too harsh." The Industrial Commission disallowed the penalties and limited the Division's collection of the overpayment.

I.

The Division first contends that the Commission erred in determining that the Division must prove a claimant's specific intent in order to assess penalties. The Division's position is that it need only establish the fact of a false representation or failure to disclose a material fact. We do not agree with this contention.

The applicable statutory provisions then in effect, currently codified in § 8–81–101(4)(a)(II), C.R.S. (1984 Cum.Supp.), allowed for imposition of penalties upon any person who received benefits to which he was not entitled. It did not contain an explicit statement of the culpable mental state required for imposition of these penalties. In such instances of legislative si-

lence, the requisite mental state may be implied from the statute. *People v. Moore*, 674 P.2d 354 (Colo.1984).

■ The Division's contention that intent need not be established is contrary to the holding in *Industrial Commission v. Emerson Western Co.*, 149 Colo. 529, 369 P.2d 791 (1962), which established that in order for the Division to impose penalties upon an employer, pursuant to similar statutory provisions, the employer's intent to falsify must be shown. Further, the use of the word "willful" in the statute indicates that a failure to disclose a material fact must be accompanied by a culpable mental state. Section 18–1–501, C.R.S. (1978 Repl. Vol. 8).

Equally erroneous is the Commission's contention that the requisite culpable mental state is one of "specific intent." This is the highest degree of mental culpability, and proof thereof is normally necessitated only when a statute requires that the proscribed conduct be performed "intentionally" or "with intent." Unlike § 8–81–101(1)(a), C.R.S. (1984 Cum.Supp.) which provides for criminal sanctions where the proscribed conduct is made "with intent to defraud," no indication exists in § 8–81–101(4)(a)(II) that the legislature intended that administrative penalties be imposed only upon proof of the claimant's specific intent.

Receiving benefits by reason of "false representation or willful failure to disclose a material fact," may be analogized to making a "false representation." The case law interpreting the making of a "false representation" requires that the representation be made knowing it to be false or with an awareness that the maker did not know whether it was true or false. *Sodal v. French*, 35 Colo.App. 16, 531 P.2d 972 (1974), *aff'd sub nom. Slack v. Sodal*, 190 Colo. 411, 547 P.2d 923 (1976); *CJI–Civ 2d* 19:1 (1980).

Based on these authorities, the above reasoning, and the applicable statutory language, we conclude that the culpable mental state which must be established by the Division pursuant to § 8–81–101(4)(a)(II) is

"knowingly." A person acts "knowingly" with respect to the proscribed conduct "when he is aware that his conduct is of such nature," and a person acts "knowingly" with respect to a result of his conduct when he is aware that his conduct is practically certain to cause the result. Section 18–1–501, C.R.S. (1978 Repl.Vol. 8).

■ Although we agree with the Division that the Commission required proof of an inappropriate culpable mental state, we do not agree with its further contention that the requisite culpable mental state may be presumed from proof of the act itself. Where, as here, proscribed conduct consists of an act combined with a culpable mental state, the culpable mental state is just as much an element of the proscribed conduct as is the act. Although a culpable mental state may ordinarily be inferred from circumstantial evidence, proof of the commission of the act does not create a presumption that the requisite mental state existed. *People v. Braly*, 187 Colo. 324, 532 P.2d 325 (1975); *Industrial Commission v. Emerson Western Co., supra.*

II.

■ The Division also contends that the Commission erred in determining that the Division could collect the unemployment compensation overpayment in this case only by offsetting future benefits because the Division had not made a determination whether direct repayment would not be inequitable. We agree with the Division.

The statutory provisions then in effect, Colo.Sess.Laws 1979, ch. 67, § 8–81–101(4)(a)(I) and (II) at 355, provided that, where a claimant received benefits to which he was not entitled "other than by reason of his false representation or willful failure to disclose a material fact," he was liable to repay the overpayment to the Division "if such repayment would not be inequitable."

Thus, when the Commission overruled the Division's determination and concluded that the overpayments were not received through the fault of the claimant, the Commission should have made a determination

regarding inequitability or remanded the case to the Division for such a determination. *See Schmidt v. Industrial Commission*, 42 Colo.App. 253, 600 P.2d 76 (1979).

The order is set aside and the cause is remanded to the Industrial Commission for such other proceedings as it may deem appropriate and entry of an order in accordance with the views expressed herein.

VAN CISE and STERNBERG, JJ., concur.