**Thomas V. GALIE, Plaintiff-Appellant,**

v.

**RAM ASSOCIATES MANAGEMENT SERVICES, INC., a Colorado corporation, P.J. Collins and Larry Bear, Defendants-Appellees.**

**No. 86CA0322.**

Colorado Court of Appeals,
Div. I.

May 19, 1988.

Calkins, Kramer, Grimshaw & Harring, Charles E. Norton, Charles B. Hecht, Denver, for plaintiff-appellant.

No appearance for defendants-appellees.

PIERCE, Judge.

Plaintiff, Thomas Galie, appeals the judgment of the trial court granting a motion for directed verdict in favor of defendants, RAM Associates Management Services Inc. (RAM), P.J. Collins (Collins), and Larry Bear (Bear). We reverse and remand.

Plaintiff entered into an agreement with Business Buyers of Colorado (BBC), wherein BBC agreed to arrange for the purchase of a business. BBC also agreed to obtain financing for plaintiff in order to facilitate the acquisition. BBC then hired RAM to obtain the financing for plaintiff's business.

Efforts were made and RAM located Levine Family Holds, Inc., d/b/a Jesse C. Levine and Company (Levine). Levine agreed to provide the financing for plaintiff's acquisition. Thereafter, Collins, president of RAM, informed Bear, president of BBC, that the financing had been obtained and the money would be available within 60 days. This information was communicated by BBC to plaintiff.

After Levine failed to provide the financing, plaintiff brought this action against Levine, BBC, and RAM. Plaintiff also sought damages against Collins and Bear, in their individual capacity, complaining that expenses had been incurred in reliance upon the promises that financing had been obtained. Default judgment eventually was entered against Levine and BBC.

Trial was to the court on plaintiff's remaining claims against RAM, Collins, and Bear. At the end of plaintiff's case, the trial court granted defendant's motion for directed verdict and dismissed plaintiff's claims.

## I.

Plaintiff first contends that the trial court erred in dismissing his claims against Bear and Collins individually. We agree.

It is true that, generally, officers of corporations may not be held liable for business debts of the corporate entity. *See Contractors Heating & Supply Co. v. Scherb*, 163 Colo. 584, 432 P.2d 237 (1967). However, an agent may be held personally liable for torts committed by him including his own misrepresentations, even though the tortious acts were done on behalf of his principal. *Sodal v. French*, 35 Colo.App. 16, 531 P.2d 972 (1974), *aff'd sub nom., Slack v. Sodal*, 190 Colo. 411, 547 P.2d 923 (1976).

Here, the trial court incorrectly determined that because both defendants were at all times acting on behalf of their respective corporate entities, they could not be held liable personally.

Plaintiff's claims for negligence and negligent misrepresentation were based on tort, and therefore, they constitute claims as to which Bear and Collins may be held accountable for their own misfeasance.

## II.

Plaintiff also contends that the trial court improperly dismissed his claim for

negligent misrepresentation against RAM. Specifically, plaintiff claims error in the trial court's holding that because there was no privity between RAM and plaintiff, the claim could not succeed. We agree that this was error.

■ In *Wolther v. Schaarschmidt,* 738 P.2d 25 (Colo.App.1986), we expressly rejected the contention that privity was a necessary element on a claim of negligent misrepresentation. That case is dispositive here.

### III.

We also agree with plaintiff that the trial court erred in concluding that he could not prevail on his breach of contract claim against RAM because there was no privity of contract.

■ " '[O]ne may enforce a contractual obligation made for his benefit although he was not a party to the agreement.' " *Montezuma Plumbing & Heating, Inc. v. Housing Authority,* 651 P.2d 426 (Colo. App.1982). There is no requirement that privity of contract exist in order to prevail on a third-party beneficiary claim. *See Montezuma Plumbing & Heating, Inc. v. Housing Authority, supra.*

In this case, the trial court dismissed plaintiff's claim upon an incorrect legal conclusion. Therefore, because the court did not address any of the factual issues concerning RAM's alleged breach of the contract, we must remand that claim for further proceedings.

### IV.

■ Plaintiff further contends that his claim of promissory estoppel was dismissed improperly. Again, we agree.

Restatement (Second) of Contracts § 90(1) (1981) provides:

"A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee *or a third person* and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires." (emphasis added)

Here, the trial court's conclusion that privity was necessary in order to prevail upon a theory of promissory estoppel was incorrect. The quoted Restatement provision recognizes that third persons, whom the promisor should reasonably expect to act as a result of the promise, may recover for a breach of that promise. *See Kiely v. St. Germain,* 670 P.2d 764 (Colo.1983). Therefore, the trial court erred in dismissing plaintiff's claim without addressing the factual issues concerning RAM's alleged breach of the promise.

### V.

On remand, we also agree with plaintiff's contention that an award, if any, should be in conformity with the principles of C.R.C. P. 54(c).

Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial.

CRISWELL and HUME, JJ., concur.