James A. MAGIN, Petitioner,

v.

DIVISION OF EMPLOYMENT,
Respondent.

No. 95CA0221.

Colorado Court of Appeals,
Div. II.

June 15, 1995.

James A. Magin, pro se.

No Appearance for the Industrial Claim Appeals Office of the State of Colo.

Opinion by Judge JONES.

In this unemployment benefits case, petitioner, James A. Magin (claimant), seeks review of the final orders of the Industrial Claim Appeals Panel which upheld a hearing officer's decisions holding that claimant had been overpaid benefits as a result of unreported earnings or wages. We affirm.

■ The key issue on appeal is whether the payments received by claimant under a certain "consulting agreement" constituted "wages" under the applicable statutory scheme. We conclude, as did the Panel, that these payments were indeed such "wages," and, therefore, the determination that claimant was overpaid unemployment benefits must be sustained.

The relevant facts are not in dispute. Upon his separation from employment with DVCO Fuel Systems, Inc. (DVCO), claimant and DVCO executed a one-year "consulting agreement."

Under this agreement, DVCO retained claimant, as an "independent contractor" and as a "consultant," to "perform such advisory and consulting services" as may be reasonably requested by DVCO. Claimant was required to be "available for consultation by telephone or otherwise during normal business working hours" and to be "available to

perform such services a maximum of five days each month" during the term of the agreement, and DVCO was required to pay claimant a "consulting fee" of $2,500 per month. The consulting agreement also contained non-competition provisions and mutual "release from liability" provisions between the parties.

Approximately for the next nine months, claimant received the $2,500 monthly payments from DVCO, but he did not actually perform, nor was ever asked to perform, any consulting or advisory services for DVCO. During this time, claimant also received payments for unemployment benefits for various weeks, but claimant did not report the monthly payments received under the consulting agreement on the biweekly claim forms.

Following separate administrative hearings concerning certain of these time periods, the hearing officer ruled that claimant was "self employed" under the consulting agreement, and that the payments he received under that agreement "should have been reported" on his claim forms. As a result of such "unreported earnings," the hearing officer further determined that claimant had been overpaid unemployment benefits in certain amounts. On review, the Panel upheld the hearing officer's rulings.

Under § 8–73–102(4), C.R.S. (1994 Cum. Supp.), the amount of weekly unemployment benefits payable to claimants is required to be reduced by the amount of any "wages" payable to them for such week which exceeds twenty-five percent of their weekly benefit amount. *See also* § 8–73–107(1)(f), C.R.S. (1986 Repl.Vol. 3B) (providing that claimants are eligible to receive unemployment benefits for a given week only if their total "wages" earned for that week are less than their weekly benefit amount). Thus, the overpayment determination here turns upon whether the payments claimant received under the consulting agreement constitute such "wages" under the statutory scheme.

Pursuant to § 8–70–141(1)(a), C.R.S. (1994 Cum.Supp.), the term "wages" under this statutory scheme is defined, in pertinent part, as "[a]ll remuneration for personal services." Similarly, Department of Labor &

Employment Regulation 2.9.3, 7 Code Colo. Reg. 1101–2, provides that, for purposes of determining weekly unemployment benefit amounts, "wages/earnings" is defined, in pertinent part, as "any income or remuneration received in exchange for services performed."

■ In addition, although the word "service" is not defined by statute or regulation in this context, it has been defined for purposes of this statutory scheme as "an act done for the benefit or at the command of another." *Weld County Kirby Co. v. Industrial Commission,* 676 P.2d 1253, 1256 (Colo. App.1983).

Claimant contends that, under these definitions, he did not receive any "wages" under the consulting agreement because he did not actually perform any consulting services and therefore did not perform any work or any act for the benefit of DVCO. The Panel, however, held that the payments received under the consulting agreement constituted such "wages" because claimant performed a "personal service" for DVCO by his actions in remaining "available" for such consultation under the agreement. We agree with the Panel's position on this issue.

Here, regardless of whether claimant actually performed any consulting services, the consulting agreement required DVCO to pay claimant the monthly "consulting fee," and required claimant to remain "available" for such consultation at various times. Because claimant was essentially required to remain "on call" to provide consulting services for DVCO under the terms of the agreement, we conclude that he was acting for the benefit of DVCO by maintaining his availability for such consultation as it deemed necessary.

Accordingly, the payments claimant received under this agreement constituted "wages" because they were received in exchange for claimant's "services" to DVCO in remaining "available" for consultation, even if no actual consultation services were ever requested. *See* § 8–70–141(1)(a); Department of Labor & Employment Regulation 2.9.3, 7 Code Colo.Reg. 1101–2.

We also reject claimant's argument that the hearing officer and the Panel erred in failing to distinguish between "wages" and "earnings" here. Although only the term "wages" is used in the pertinent statutory provisions, *see* §§ 8–73–102(4) and 8–73–107(1)(f), we perceive no substantive difference between the terms "wages" and "earnings" in this context. Indeed, we note that the pertinent regulatory provision denotes and defines the term "wages/earnings." *See* Department of Labor & Employment Regulation 2.9.3, 7 Code Colo.Reg. 1101–2.

Thus, we conclude that the Panel's orders upholding the hearing officer's determinations that claimant had been overpaid unemployment benefits because of unreported "wages" are supported by substantial evidence in the record and by the proper construction and application of the statutory and regulatory schemes. Accordingly, the Panel's orders will not be disturbed on review. *See* §§ 8–74–107(4) & 8–74–107(6), C.R.S. (1986 Repl.Vol. 3B).

The question whether the Division would waive recovery of the overpayment is not a part of these proceedings, and so we do not consider it here. We also decline to address the other remaining issues raised by claimant on appeal. Because these issues were not raised in the administrative proceedings before the hearing officer, they have not been preserved for our review. *See* § 8–74–107(1), C.R.S. (1986 Repl.Vol. 3B); *Goodwill Industries v. Industrial Claim Appeals Office*, 862 P.2d 1042 (Colo.App.1993).

The orders are affirmed.

CRISWELL and CASEBOLT, JJ., concur.