**James William WOOLLEMS, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Colorado Division of Employment, Respondents.**

No. 01CA0656.

Colorado Court of Appeals, Div. II.

Dec. 20, 2001.

Rehearing Denied Feb. 7, 2002.

James William Woollems, Pro Se.

No Appearance for Respondents.

Opinion by Judge ROY.

In this unemployment benefits case, petitioner, James William Woollems (claimant), seeks review of a final order of the Industrial Claim Appeals Office (Panel). The Panel upheld a hearing officer's decision determining that claimant had received an overpayment of such benefits because of unreported earnings from employment over certain weeks, and imposing a monetary penalty of fifty percent of the overpayment amount against him pursuant to § 8–81–101(4)(a)(II), C.R.S.2001. We affirm.

On appeal, claimant challenges only the imposition of the monetary penalty on his overpayment repayment obligations. In our view, however, the Panel properly rejected claimant's arguments in this regard, and we agree with the Panel's disposition and analysis of this issue.

The relevant facts are not in dispute. In his testimony at the administrative hearing, claimant admitted that he had deliberately failed to report his earnings from his employment over a twelve-week period while he was claiming unemployment benefits, although he knew it would come out sooner or later. Claimant further testified that he had done so because he was in a bind from his financial obligations.

The hearing officer found that claimant knew that he was required to report his

earnings and imposed a fifty-percent penalty on his overpayment repayment obligations because of claimant's willful failure to disclose a material fact.

Pursuant to § 8–81–101(4)(a)(II), when an overpayment of benefits results from a claimant's willful failure to disclose a material fact, the claimant "shall be required" to repay the total amount of the overpayment, plus a penalty of fifty percent of that amount. The statute further provides that "inequitability shall not be a consideration" concerning the claimant's repayment obligations under such circumstances. The term "inequitability" includes financial hardship and refers back to § 8–81–101(4)(a)(I), C.R.S.2001, which authorizes the division to waive repayment if it determines repayment would be "inequitable." *See* Dep't of Labor & Employment Regulation 15.2.7, 7 Code Colo. Regs. 1101–2 (2000)(defining inequitability in terms of various factors including financial hardship).

Because the record shows that the overpayment resulted from claimant's willful failure to disclose a material fact by knowingly failing to report his earnings, the Panel properly ruled that the imposition of the monetary penalty is mandatory under § 8–81–101(4)(a)(II), notwithstanding any financial hardship on claimant. *See* Dep't of Labor & Employment Regulation 15.2.6, 7 Code Colo. Regs. 1101–2 (2000); *see also Div. of Employment & Training v. Indus. Comm'n,* 706 P.2d 433 (Colo.App.1985). Accordingly, the Panel's ruling will not be disturbed on review. *See* § 8–74–107(6), C.R.S.2001; *see also Magin v. Div. of Employment,* 899 P.2d 369 (Colo.App.1995).

The Panel's order is affirmed.

Judge PLANK and Judge MARQUEZ concur.