25CA1631 Crook v ICAO 03-12-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1631
Industrial Claim Appeals Office of the State of Colorado
DD No. 13447-2025

---

Brenda Crook,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and Alliance for
Sustainable Energy, LLC,

Respondents.

---

ORDER AFFIRMED

Division I
Opinion by JUDGE LUM
J. Jones and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 12, 2026

---

Empower P.C., Christopher M.A. Lujan, Aurora, Colorado, for Petitioner

No Appearance for Respondent Industrial Claim Appeals Office

Kristen Merrick, Golden, Colorado, for Respondent Alliance for Sustainable
Energy, LLC

¶ 1    In this unemployment benefits case, Brenda Crook appeals an order from the Industrial Claim Appeals Office (the Panel) denying her claim for benefits.  We affirm.

## I.    Background

¶ 2    Crook worked as a security officer for Alliance for Sustainable Energy, LLC (Employer) until Employer discharged her.  She then applied for benefits.  A deputy for the Division of Unemployment Insurance determined that she was disqualified from receiving benefits due to theft.  Crook appealed that determination and a hearing was scheduled, at which she and several Employer representatives testified.  The hearing officer affirmed the deputy's determination.

¶ 3    Crook appealed to the Panel, which set aside the hearing officer's decision and remanded for additional findings and a new decision.  The hearing officer issued a new decision but did not change the disqualification determination.  Crook appealed again, and this time the Panel affirmed.

## II.    Standard of Review

¶ 4    Under section 8-74-107, C.R.S. 2025, we may not disturb factual findings "supported by substantial evidence" and may only

set aside the Panel's decision if (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the factual findings don't support its decision; or (4) the decision is erroneous as a matter of law. § 8-74-107(4), (6)(a)-(d). Substantial evidence is "probative, credible, and competent, of a character which would warrant a reasonable belief in the existence of facts supporting a particular finding, without regard to the existence of contradictory testimony or contrary inferences." *Rathburn v. Indus. Comm'n,* 566 P.2d 372, 373 (Colo. App. 1977).

### III. Applicable Law

¶ 5 Section 8-73-108(5)(e)(XI), C.R.S. 2025, provides for disqualification from benefits for "theft." As used in this statute, "theft" means "the act of stealing; the wrongful taking and carrying away of the personal goods or property of another; larceny." *Jefferson Cnty. v. Kiser,* 876 P.2d 122, 123 (Colo. App. 1994) (citation omitted). When theft is the basis for disqualification, "the employer must establish by a preponderance of the evidence the mens rea required in theft or larceny cases." *Starr v. Indus. Claim Appeals Off.,* 224 P.3d 1056, 1063 (Colo. App. 2009). Thus, an employer must show that the claimant acted knowingly and with

2

the specific intent to permanently deprive the owner of the property taken. *Id.* at 1059-60.

¶ 6    A fact finder may infer a culpable mental state based on circumstantial evidence. *See People v. Collie*, 995 P.2d 765, 773 (Colo. App. 1999) ("Evidence of a defendant's intent can 'rarely be proven other than by circumstantial or indirect evidence.'" (citation omitted)); *see also Div. of Emp. & Training v. Indus. Comm'n*, 706 P.2d 433, 435 (Colo. App. 1985) (a culpable mental state may ordinarily be inferred from circumstantial evidence).

## IV.    Proceedings below

¶ 7    The hearing officer found (and the Panel affirmed) that Crook took a pair of AirPods from another employee's desk while patrolling the area on a Sunday when the employee was not present. The hearing officer reviewed a video that shows Crook enter an employee's workstation, pick up an AirPod case, open it, and put it in her pocket. The video then shows Crook looking in cabinets and opening and shutting a sunglasses case. When asked about the video, Crook testified that she was looking for the source of an "alarm" or a "beeping noise." No alarms can be heard during the

3

video, but the sound of Crook putting her water bottle down on the desk is audible.

¶ 8 Crook testified that she had a migraine that day and mistakenly picked up the AirPods, thinking they were hers. When asked by the hearing officer why she did not call in sick due to the migraine, Crook testified that they were short-staffed. The hearing officer did not find credible Crook's testimony that her migraine made her believe that the AirPods were hers.

¶ 9 The hearing officer also heard testimony about another pair of AirPods that were reported missing and listened to a corresponding audio file of the call to the security department from the owner. Crook admitted to picking up those AirPods from a common area and then returning them.

¶ 10 An Employer representative testified that the IT department's workstation area was not normally a place where Crook would work. Specifically, the representative testified that "typically she would walk by the area on patrol, but she would not be standing in the workstation." Another Employer representative testified that, after Crook was separated from employment, she threw a set of AirPods at him, saying, "I'm returning these now."

¶ 11 After taking all the testimony and reviewing the record, the hearing officer found that Crook "took the AirPods of another employee and put them in her pocket. She looked through other personal things in the desk area, and then walked away." The hearing officer also found that "there was no audible alarm she seemed to be searching for." Then, the hearing officer found that she did not return the AirPods until she was asked to return all company property after her separation. Accordingly, the hearing officer concluded that Crook was terminated for theft and thus disqualified from receiving benefits.

¶ 12 Crook appealed to the Panel, contending that the hearing officer had not made sufficient findings to show that she "specifically intended to deprive other employees of their AirPods." On review, the Panel repeated all of the hearing officer's findings and conclusions. The Panel also acknowledged that a fact finder may infer a culpable mental state for theft based on circumstantial evidence. But the Panel agreed that the hearing officer "failed to determine whether [Crook] acted knowingly and with the specific intent to permanently deprive the owner of the AirPods." Since the

5

Panel "may not make factual findings," the Panel remanded to the hearing officer to do so. The Panel instructed as follows:

> The hearing officer shall issue another decision which determines the claimant's entitlement to benefits based on the reason or reasons for her separation from employment. In her sole discretion, the hearing officer may conduct another hearing session to permit the parties to present additional evidence.

¶ 13 The hearing officer did not hold another hearing but issued a new decision. The hearing officer repeated her findings and conclusions and added that "[b]ased on these findings and conclusions, the hearing officer concludes that [Crook] acted knowingly and with the intent to deprive the owner of the use or benefit of the AirPods, and keep them for herself."

¶ 14 Crook appealed to the Panel again, which affirmed. The Panel repeated the hearing officer's findings and conclusions and rejected Crook's argument that the hearing officer did not "cull the evidentiary record to bolster her findings of fact to support her conclusion." The Panel concluded that it "was not persuaded the hearing officer erred disqualifying [Crook] due to theft."

## V.    Analysis

¶ 15     On appeal, Crook asserts that (1) she did not have the requisite mens rea to commit theft; (2) the hearing officer should have given more weight to testimony concerning Crook's medical condition; and (3) the hearing officer should have made more findings on remand.[1]  We are not convinced.

¶ 16     First, based on our review of the record, including the video and audio files, we conclude that the record provides sufficient direct and circumstantial evidence that permitted the hearing officer to find that Crook had the mens rea to commit theft.  Crook clearly looked around to see if anyone was watching, rifled through several personal objects, and took the AirPods.  The direct evidence of the video was buttressed by the Employer representative's

---

[1] We note that in the opening brief, Crook (who is represented by counsel) cites two unpublished opinions in support of her arguments: *Albaugh v. Industrial Claim Appeals Office*, (Colo. App. No. 24CA0248, Aug. 29, 2024) (not published pursuant to C.A.R. 35(e)), and *Clark v. Colorado Department of Human Services*, (Colo. App. No. 01CA1701, Jan. 30, 2003) (not published pursuant to C.A.R. 35(f)).  We remind counsel of the court's policy that parties are generally forbidden from citing unpublished opinions absent exceptions inapplicable here.  *See* Colo. Jud. Branch, *Court of Appeals Policies, Policy Concerning Citation of Opinions Not Selected for Official Publication* (2026), https://perma.cc/2XHD-NY3Z.

testimony that Crook's regular duties did not include going through someone's personal items at a workstation in the IT department. And as the hearing officer found, there were no sounds of alarms or beeping during the video, directly refuting Crook's testimony that she was looking for the source of an alarm.

¶ 17    Next, Crook argues that the hearing officer failed to consider her medical condition of frequent migraines. At the hearing, Crook testified about an incident several years before when she had been assaulted when trying to stop an intruder. According to Crook, she has suffered from migraines since. Because she was suffering from a migraine at the time she took the AirPods, she contends, she took the AirPods by mistake.

¶ 18    But the hearing officer considered that testimony and found it not credible, in part. Even if Crook was suffering from a migraine at the time, she didn't explain why a migraine would make her think the AirPods were hers. Further, she did not check to see if her own pair of AirPods were missing or try to pair the ones she took with her phone. The hearing officer also noted that Crook could have called in sick if she had a migraine so severe that she would mistakenly take things. Given the record, we conclude the

hearing officer properly weighed and considered all the evidence, including the possibility that Crook had a migraine during the incident.

¶ 19     Crook's remaining argument is that the hearing officer should have made further findings on remand and that the Panel erred by affirming rather than making its own findings. We reject that contention for several reasons. First, in its remand order the Panel said that the hearing officer "may conduct" another hearing, but it was solely within her discretion as to whether any additional evidence was needed. The hearing officer had already held two hearings and extensively reviewed the audio and video evidence. It is apparent that she used her discretion to determine that no further evidence was necessary.

¶ 20     Second, the hearing officer, not the Panel, resolves conflicts in the evidence. *Mesa Cnty. Pub. Libr. Dist. v. Indus. Claim Appeals Off.*, 2016 COA 96, ¶ 19. Nor may the Panel second-guess the hearing officer's credibility determinations. *Sanchez v. Indus. Claim Appeals Off.*, 2017 COA 71, ¶ 57. After thoroughly reviewing the record, we, like the Panel, conclude that much of the determination came down to credibility. Crook gave conflicting testimony when

describing the appearance of the case to her AirPods. Her testimony that she was responding to alarms was completely debunked by the video files which, with the sound on, had no sound other than drawers opening and closing and her water bottle being put on the counter. She also testified that she had attempted to call in sick at one point, but there was no record of any call.

¶ 21 Accordingly, the hearing officer concluded, based on her previous findings and conclusions, that Crook "acted knowingly and with the intent to deprive the owner of the use or benefit of the AirPods and keep them for herself." We conclude that the Panel appropriately deferred to the hearing officer's credibility determinations and resolution of conflicting evidence in reaching that conclusion. And we conclude, as did the Panel, that there was no error in the hearing officer's determination that Crook is disqualified from receiving benefits due to theft.

## VI. Disposition

¶ 22 The Panel's order is affirmed.

JUDGE J. JONES and JUDGE MEIRINK concur.