600 P.2d 76 (1979)
Carl Y. SCHMIDT, Petitioner,
v.
INDUSTRIAL COMMISSION of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado) and Colorado Division of Employment, Respondents.
No. 78-658.
Colorado Court of Appeals, Div. III.
March 8, 1979.
Rehearing Denied March 29, 1979.
Certiorari Denied September 10, 1979.
*77 William E. Benjamin, Denver, for petitioner.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Timothy R. Arnold, Sp. Asst. Atty. Gen., Denver, for respondents.
SMITH, Judge.
In this unemployment compensation case, the claimant Carl Y. Schmidt, seeks review of a final order of the Industrial Commission directing that an overpayment of benefits which the claimant received be recovered by the Division of Labor and Employment when and if claimant qualifies for benefits in the future. We set aside the order and remand the cause with directions.
The Commission determined that the overpayment resulted from the failure of the Division to deduct social security payments received by the claimant from his unemployment benefits as prescribed by § 8-73-110(5), C.R.S. 1973. The Commission further determined that the overpayment did not occur because of any fault on the part of the claimant and that to require direct repayment would impose an unjustified financial burden on the claimant. The Commission then ruled that "such overpayment should be recovered by the Division when and if the claimant applies for and qualifies for unemployment benefits in the future." In so ruling the Commission interpreted § 8-81-101(4)(a), C.R.S. 1973 to mean that, in its words, "claimant is liable in one form or another to repay the overpayment to the Division. If, however, the direct repayment is against equity and good conscience, then the Commission may off-set the overpayment against future benefits." The Commission has taken the position in this court that the statute does not authorize it to waive its right to recovery of the overpayment unless it determines the same to be impossible or impractical to correct. This is an incorrect interpretation.
Section 8-81-101(4)(a), C.R.S. 1973, provides in pertinent part as follows:
"Any person who has received any sum as benefits under articles 70 to 82 of this title to which he was not entitled by reason of his false representation or willful failure to disclose a material fact, if so found by the division of employment, shall be liable to repay such sum to the division for the fund. Such sum shall be collectible in the manner provided in sections 8-79-102 to 8-79-107, for the collection of past-due contributions, or, if collection efforts fail, such sum shall be deducted from any future benefits payable to such person under articles 70 to 82 of this title. Any person who has received any sum as benefits under articles 70 to 82 of this title to which he was not entitled other than by reason of his false representation or willful failure to disclose a material fact, if so found by the division, shall be liable to repay such amount to the division for the fund or to have future benefits to which he may become entitled cancelled to offset such overpayment if such recovery would not, *78 in the opinion of the division, be against equity and good conscience. The division may waive the recovery or adjustment of all or part of the amount of any such overpayment which it finds to be noncollectible, or the recovery or adjustment of which it finds to be administratively impracticable." (emphasis added.)
Where the meaning and impact of a statutory provision is plain and free from ambiguity and no absurdity arises therefrom, there is no need to resort to other rules of construction to ascertain its meaning. American Metal Climax, Inc. v. Claimant in re Death of Butler, 188 Colo. 111, 532 P.2d 951 (1975). The emphasized portion of the statute requires the Commission to recover an overpayment if and only if "such recovery would not ... be against equity and good conscience." Thus, in the present case the Commission had the statutory authority to waive the recovery of the overpayment altogether if, in its opinion, such recovery would be against equity and good conscience.
Because the Commission admittedly did not consider this option the order is set aside and the cause is remanded for a new determination.
RULAND and STERNBERG, JJ., concur.