**Clifford R. MUGRAUER, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF the STATE OF COLORADO; Director, Department of Labor and Employment; Division of Employment and Training; and Rio Grande Western Land Company, Inc., Respondents.**

No. 84CA0792.

Colorado Court of Appeals,
Div. II.

June 6, 1985.

Rehearing Denied July 11, 1985.

Certiorari Denied Nov. 4, 1985.

Colorado Rural Legal Services, Inc., Lisa Robinow, Alamosa, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen. Dani R. Newsum, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Director, Dept. of Labor and Employment.

No appearance for respondent Rio Grande Western Land Co.

SMITH, Judge.

Claimant, Clifford Mugrauer, seeks review of a final order of the Industrial Commission in which it determined that he had been overpaid $1,596 in unemployment compensation benefits. We set aside the order and remand for further proceedings.

Claimant applied for unemployment benefits on January 19, 1983, alleging that he had been laid off. On January 26, 1983, the employer, Rio Grande Western Land Company, protested payment alleging that the claimant had voluntarily quit his job. The Division of Employment wrote to claimant on May 11, 1983, informing him of his employer's protest of payment. A hearing was held on August 9, 1983, and the hearing officer determined that the claimant was responsible for his separation from work and accordingly reduced claimant's benefits. On September 2, 1983, the Division of Employment sent claimant a Notice of Overpayment of Benefits in the amount of $1596.

Claimant appealed the overpayment decision alleging that it would be inequitable to collect the overpayment in that he had relied to his detriment on his unemployment checks. The Commission found that:

"recovery of the overpayment is not inequitable and waiver of same is not in order. While the claimant was overpaid not as a result of misrepresentation, the criteria for waiver of overpaid benefits as contained in Regulation 15 to the Colorado Employment Security Act is not met here. The claimant is still living and is not totally and permanently disabled. The claimant has not removed himself from the labor market, and while his financial resources are limited at best, he has not been adjudicated as bankrupt. There is no showing that the cost of collection exceeds the amount of overpayment; or that the overpayment is uncollectible or administratively impracticable."

The Commission concluded that the cases cited by claimant in support of his claim that recovery of the overpayment would be against equity and good conscience had been overruled in that the relevant statute had been amended to delete the provision permitting recovery of overpayment to be waived for reasons of "equity and good conscience." The Industrial Commission affirmed the referee in form orders.

The claimant contends that the findings of the Commission were inconsistent with Colorado case law and statutory authority. We agree.

The cases relied upon by claimant in support of his position were *Duenas-Rodriguez v. Industrial Commission*, 199 Colo. 95, 606 P.2d 437 (1980) and *Schmidt v. Industrial Commission*, 42 Colo.App. 253, 600 P.2d 76 (1979). These two cases interpreted § 8–81–101(4)(a), C.R.S., which provided in pertinent part:

"Any person who has received any sum as benefits ... for which he was not entitled other than by reason of his false representation or willful failure to disclose a material fact, if so found by the division, shall be liable to repay such amount to the division ... if such recovery would not, in the opinion of the division, *be against equity and good conscience*. The division may waive the recovery or adjustment of all or part of the amount of any such overpayment which it finds to be noncollectible, or the recovery or adjustment of which it finds to be administratively impracticable." (emphasis added)

At the time of claimant's hearing the above quoted statute, along with other sections, had been amended. *See* Colo.Sess. Laws 1979, ch. 67, § 8–81–101(4)(a) at 355. As part of these amendments the words against equity and good conscience were deleted and were replaced by "if such repayment in the opinion of the division would not be inequitable."

Although *Duenas-Rodriguez, supra,* and *Schmidt, supra,* were decided under the prior law, they remain pertinent in that there is no substantial difference between the meaning of the phrases "against equity and good conscience" and "not inequitable."

In *Duenas-Rodriguez, supra,* the pertinent phrase in the previous statute was recognized as having the following meaning:

"'Against equity and good conscience means that adjustment or recovery of an incorrect payment ... will be considered

inequitable if an individual, because of a notice such payment would be made or by reason of the incorrect payment, relinquished a valuable right ... or changed his position for the worse....' "

That definition remains applicable under the present statute.

■ Here, in reliance on the unemployment benefits, claimant had relinquished certain rights, *i.e.*, the right to obtain public assistance in the form of food stamps and the right to participate in the Low Income Energy Assistance Program. He also argued that if he had not been receiving unemployment benefits he would have looked for work in other areas and limited his expenses. However, the hearing officer looked only at claimant's financial circumstances and did not consider claimant's arguments. Under such circumstances, the ruling cannot stand.

The order is set aside and the cause is remanded for a new determination on the equitability of collection consistent with the rule in *Duenas-Rodriguez, supra.*

KELLY and METZGER, JJ., concur.