SOUTHWEST FOREST INDUSTRIES, INC., Petitioner,

v.

The INDUSTRIAL COMMISSION OF the STATE of Colorado, Colorado Division of Employment and Training, and Ray D. Archuleta, Respondents.

No. 85CA0948.

Colorado Court of Appeals, Div. III.

April 17, 1986.

William E. Benjamin, Boulder, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondents Industrial Com'n and Colorado Div. of Employment and Training.

No appearance for respondent Archuleta.

METZGER, Judge.

Southwest Forest Industries, Inc., (employer) seeks review of a final order of the Industrial Commission awarding Ray D. Archuleta full unemployment compensation benefits pursuant to § 8–73–108(4)(c), C.R.S. (1985 Cum. Supp.) (separation due to unsatisfactory or hazardous working conditions). The employer argues that the Commission's findings of fact are inadequate to

support its conclusion and that the Commission should have applied § 8–73–108(5)(e)(I), C.R.S. (1985 Cum.Supp.) (quitting because of dissatisfaction with standard working conditions) or § 8–73–108(5)(e)(XXII), C.R.S. (1985 Cum.Supp.) (quitting for personal reasons). We affirm.

Claimant's testimony was the only evidence presented to the Commission. He testified that in July 1983 he was hired to drive logging trucks for the employer. He was paid $7.00 per hour and worked 12 to 16 hours per day.

In March 1984 the roads became muddy, and the Forest Service ordered that logging trucks operate only during the night and morning hours. Consequently, claimant could haul only one load per night, and hence, his work day was cut to a four or five hour shift. These conditions were applicable to all drivers working for the employer.

On March 22, 1984, claimant left his employment. He testified that his decision was precipitated by the reduction in hours and income coupled with his roundtrip commute of 106 miles. Additionally, claimant testified that the change to night operations made driving more dangerous.

In June 1984, claimant returned to work for the employer. At that time, daytime hauling had resumed.

Based on the foregoing, the Commission found that claimant quit "because of a great reduction in hours and a temporary change in working conditions he felt to be unsafe." The Commission then applied § 8–73–108(4)(c) without specifying whether it was finding unsatisfactory or hazardous conditions.

## I.

■ The employer contends that the Commission's findings were not detailed enough to support application of § 8–73–108(4)(c). Specifically, the employer argues that the failure to make detailed findings on all the factors mentioned in the statute is fatal. We reject this contention.

This court has repeatedly held that the Commission's findings of fact may not be set aside for mere unclarity of expression. Rather, the court is to examine the findings and the record as a whole to determine whether the decision is justified. *In re Claim of Allmendinger v. Industrial Commission*, 40 Colo. App. 210, 571 P.2d 741 (1977).

■ Applying this standard, we are satisfied that the Commission found, on substantial evidence, that claimant quit his job because of unsatisfactory working conditions within the meaning of § 8–73–108(4)(c). In its findings the Commission referred to several statutory factors including the safety of night driving, claimant's long commute, and the economic loss caused by the reduction in hours.

The employer suggests that our holding in *Esparza v. Industrial Commission*, 702 P.2d 288 (Colo.App.1985) mandates greater specificity in findings than was demonstrated here. In *Esparza* we stated that, in the context of the administrative regulations governing good cause determinations, "the Commission must make specific findings of fact with respect to all the enumerated factors which are relevant."

The foregoing statement must be viewed in the context of the case itself. In *Esparza*, the Commission's findings indicated a complete disregard of clearly relevant regulations. However, we have never applied a mechanical requirement of specificity when the basis of the Commission's decision is apparent from its findings and when those findings demonstrate consideration of the relevant factors. *See Mohawk Data Sciences Corp. v. Industrial Commission*, 671 P.2d 1335 (Colo.App.1983).

The employer also argues that the findings were insufficient to conclude that claimant quit because of "hazardous" working conditions. *See* § 8–73–108(4)(c). We need not address this argument because of our finding that the Commission based its decision on the "unsatisfactory working conditions" provision.

## II.

The employer next contends that the Commission should have applied § 8–73–108(5)(e)(I) or § 8–73–108(5)(e)(XXII) to disqualify claimant from receiving benefits. However, even if these sections could be applied to the facts of this case, we would not be permitted to change the result. The Commission, when faced with two or more sections applicable to a set of facts, retains "wide latitude in determining which section it will apply." *Mountain States Telephone & Telegraph Co. v. Industrial Commission*, 697 P.2d 418 (Colo.App.1985). Inasmuch as the findings of fact support the Commission's conclusion, it did not exceed its authority in applying § 8–73–108(4)(c). *See Gray Moving & Storage, Inc. v. Industrial Commission*, 38 Colo.App. 422, 560 P.2d 484 (1976).

Order affirmed.

VAN CISE and KELLY, JJ., concur.