Richard E. JOHNSON, Petitioner,

v.

The INDUSTRIAL COMMISSION OF the STATE of Colorado; Mike L. Baca and Gary B. Rose, as members of the Industrial Commission of Colorado; Charles McGrath, Director of the Division of Labor; Patricia Jean Clisham, a hearing officer of the Department of Labor and Employment; Lovett Ski Corporation; and State Compensation Insurance Fund, Respondents.

No. 85CA1622.

Colorado Court of Appeals,
Div. III.

Sept. 18, 1986.

Rehearing Denied Oct. 23, 1986.

Certiorari Granted (Johnson)
Feb. 9, 1987.

French & Stone, P.C., Mark M. Haynes, Boulder, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael J. Steiner, Asst. Atty. Gen., Denver, for respondents Industrial Com'n, Mike L. Baca, Gary B. Rose, Charles McGrath and Patricia Jean Clisham.

Pamela L. Musgrave, Denver, for respondents State Compensation Ins. Fund and Lovett Ski Corp.

BABCOCK, Judge.

Richard E. Johnson (claimant) seeks review of a final order of the Industrial Commission which permitted State Compensation Insurance Fund and Lovett Ski Corporation (respondents) to offset from his aggregate workmen's compensation benefits, one-half the amount of social security disability benefits received by claimant and his dependents. We affirm.

Claimant was injured in October 1978. Respondents admitted liability and paid temporary disability benefits intermittently until April 1982. In April 1979, claimant began receiving social security disability benefits in addition to workmen's compensation. The social security benefits continued until March 1984, with the exception of one year in the interim, when the benefits were terminated.

In May 1982, pursuant to § 8–51–101(1)(c), C.R.S., respondents claimed an offset equal to one-half the amount of social security benefits received and payable. Claimant contested the offset and asserted the defenses of estoppel and waiver.

Following a combined hearing on respondents' claim for offset and to determine the degree of claimant's permanent disability, the Industrial Commission found that claimant had sustained a 13% permanent partial disability and that an offset was proper. The Commission noted that § 8–51–101, C.R.S., contained no time limitation for claiming an offset and, therefore, allowed the offset against workmen's compensation benefits previously paid as well as those payable.

On review, claimant contends that because he had previously advised respondents that he was receiving social security benefits and respondents thereafter failed for three years to claim the offset, the Industrial Commission erred in not applying the doctrines of estoppel and waiver to bar respondents' claim for offset. Claimant also argues that, under these circumstances, the offset should be prospective only against those workmen's compensation benefits payable after the offset was claimed. We disagree.

Section 8–51–101(1)(c), C.R.S., provides:
"In cases where it is determined that periodic disability benefits granted by

the federal old-age, survivors, and disability insurance act are payable to an individual and his dependents, the aggregate benefits payable for temporary total disability, temporary partial disability, permanent partial disability, and permanent total disability pursuant to this section *shall be reduced,* but not below zero, by an amount equal as nearly as practical to one-half such federal periodic benefits...." (emphasis added)

Where, as here, a statute establishes the legal right of a party to assert a claim, the equitable doctrine of estoppel cannot be used to circumscribe that right. *American National Bank v. Christensen,* 28 Colo.App. 501, 476 P.2d 281 (1970).

Furthermore, estoppel requires detrimental reliance by the party seeking to invoke the estoppel. *Fanning v. Denver Urban Renewal Authority,* 709 P.2d 22 (Colo.App.1985). Claimant has demonstrated no such reliance.

Waiver is a voluntary or intentional relinquishment of a known right. *Johnson v. McDonald,* 697 P.2d 810 (Colo.App.1985). Inasmuch as no time limitation is specified in the statute, we are unable to conclude that respondents voluntarily or intentionally relinquished the right to claim the statutory offset. Thus, the doctrine of waiver is also inapplicable.

Moreover, § 8–51–101(1)(c), C.R.S., specifically mandates an offset of social security benefits. The Workmen's Compensation Act contains no provision for excusing overpayments on equitable grounds. *Cf.* § 8–81–101(4)(a), C.R.S.; *Mugrauer v. Industrial Commission,* 709 P.2d 47 (Colo. App.1985) (The Employment Security Act excuses recipients from the obligation to repay overpayments of benefits if "inequitable"). Hence, the offset in this case cannot be barred on equitable grounds because to do so would violate § 8–51–101(1)(c), C.R.S., and create a right which only the General Assembly can establish.

*See Kraus v. Artcraft Sign Co.,* 710 P.2d 480 (Colo.1985).

The order is affirmed.

PIERCE and TURSI, JJ., concur.