Donna L. **KALKBRENNER**, Petitioner,

v.

The **INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO**, Respondent.

No. 90CA0018.

Colorado Court of Appeals, Div. II.

Oct. 25, 1990.

Pikes Peak Legal Services, Leo L. Finkelstein, Colorado Springs, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael J. Steiner, First Asst. Atty. Gen., Tony Arguello, Asst. Atty. Gen., Denver, for respondent.

Opinion by Judge ROTHENBERG.

Donna L. Kalkbrenner, an unemployment compensation claimant, seeks review of a final order of the Industrial Claim Appeals Office (Panel) requiring her to repay previously awarded benefits. We set aside the order and remand with directions.

In March 1988, Kalkbrenner was receiving unemployment benefits when she began working part-time. She continued to file unemployment compensation claims and receive benefits on a reduced basis; however, the nature of her work schedule required her to estimate her earnings. Her estimates, though made in good faith, were inaccurate and resulted in a $618 overpayment of benefits.

After she was notified of the overpayment, Kalkbrenner requested a waiver of repayment, pursuant to § 8–81–101(4), C.R.S. (1986 Repl.Vol. 3B). The pertinent part of that statute states:

"(a) Any person who has received any sum as benefits ... to which [she] was not entitled shall be required to repay such amount ... except that the division may waive the repayment of an overpayment if the division determines such repayment to be inequitable."

After a hearing, the referee found that Kalkbrenner is a disabled, single parent with two children who is totally welfare dependent; her doctor has prohibited her from working because of her diabetic condition and has given her no prognosis as to when she will be able to return to work.

Nevertheless, the referee concluded that Kalkbrenner's request for waiver was premature. Since the overpayment was used to support her family and pay normal living expenses, he found that she had not relied on benefits to her financial detriment or relinquished valuable rights in reliance on benefits. Finally, he concluded that the problem would be "cured with [her] return to the work force." The Panel affirmed the referee.

■ Kalkbrenner first argues that the referee and Panel failed to properly consider her financial condition as required by *Hesson v. Industrial Commission*, 740 P.2d 526, 529 (Colo.App.1987). We agree.

In *Hesson* a claimant sought a waiver from an overpayment. The referee denied the waiver, apparently because the claimant failed to prove that she had waived any right or changed her position in reliance upon the receipt of benefits. We set aside the referee's order and ruled that the referee's reliance on those two factors, along with his refusal to consider claimant's financial condition, constituted error.

We further stated:

"[W]hile there was no direct testimony that claimant changed her position in reliance upon her lawful receipt of benefits, and while a claimant's financial condition may, standing alone, be insufficient to establish the inequitability required to be shown, *the fact that a claimant's financial condition has required the benefits received to be spent for living expenses* may be considered upon this issue...." (emphasis added)

Similarly, the referee here improperly focused upon Kalkbrenner's failure to give up any rights or to change her position as a result of her receipt of benefits. He also failed to consider other relevant facts including Kalkbrenner's health problems and dire financial condition. *See Duenas–Rodriquez v. Industrial Commission*, 199 Colo. 95, 606 P.2d 437 (1980). *See generally* Annot., *Repayment of Unemployment Compensation Benefits Erroneously Paid*, 90 A.L.R.3d 987 (1979).

■ She next argues that there was not substantial evidence to support the decision denying the waiver. Section 8–74–107(4), C.R.S. (1986 Repl.Vol. 3B). We agree. Substantial evidence is that which is probative, credible, and competent, of a character which would warrant a reasonable belief in the existence of facts supporting a

particular finding. *Rathburn v. Industrial Commission,* 39 Colo.App. 433, 566 P.2d 372 (1977). *See also Colorado Municipal League v. Mountain States Telephone and Telegraph Co.,* 759 P.2d 40, 44 (Colo. 1988) (for purposes of judicial review of administrative decisions, competent evidence is the same as substantial evidence.)

Unlike the situation in *Rathburn,* which involved factual determinations made from conflicting evidence, the sole evidence regarding Kalkbrenner's medical condition and ability to work was her own testimony that the doctor had instructed her not to work.

> "Question: (by referee) Again, I may have asked you this—what does a doctor—does a doctor indicate any time in the future when you can return to work?
> "Answer: (by Kalkbrenner) *She has not indicated any time,* she just said whenever they can get all this under control....
> "Question: (by counsel) So you're not really considering yourself out of—completely out of the work force? Temporarily out?

> "Answer: (by Kalkbrenner) *For probably the next two years* I will be." (emphasis added)

Accordingly, we find no credible or competent evidence in the record to support the conclusion that Kalkbrenner was able to resume work within ninety days or even within two years of the hearing. To the contrary, and through no fault of her own, Kalkbrenner is indefinitely unemployed.

The order of the Panel affirming the referee is set aside and the cause is remanded for entry of an order granting claimant Kalkbrenner's request for waiver of overpayment.

STERNBERG, C.J., and DUBOFSKY, J., concur.