**Paula M. MUNOZ–NAVARETTE,
Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS
OFFICE OF the STATE OF COLORA-
DO, and Colorado Division of Employ-
ment and Training, Respondents.**

No. 90CA2024.

Colorado Court of Appeals,
Div. III.

Jan. 30, 1992.

As Modified Jan. 30, 1992.

Rehearing Denied March 12, 1992.

Certiorari Denied Aug. 3, 1992.

Colorado Rural Legal Services, Ann M. la Plante, Teresa Vaughn, Greeley, for petitioner.

Gale Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Tony Arguello, Asst. Atty. Gen., Denver, for respondents.

Opinion by Judge DUBOFSKY.

Paula M. Munoz–Navarette, claimant, seeks review of a final order of the Industrial Claim Appeals Panel which denied her request for waiver of the recovery of an overpayment of unemployment compensation benefits. We set aside the order.

Claimant lost her job in December 1988. She filed a claim for unemployment compensation that month and received benefits from December 1988 through March 1989.

The initial decision of the Labor Department granted claimant a full award of benefits from which the employer appealed. On that appeal, in March 1989, the referee reversed the Department's earlier award of full benefits after determining that claim-

ant was disqualified and owed $2,586 for overpayment of benefits.

Claimant then requested from the Labor Department a waiver as to the overpayment amount on the basis that she was presently financially unable to repay it and that her situation was not likely to improve in the foreseeable future. Claimant also requested a waiver of repayment because, on the basis of the receipt of the unemployment benefits, she had foregone applying for certain other governmental benefits.

Claimant submitted a certified document which demonstrated her economic situation at the time she requested waiver. The document indicated that claimant's living expenses were significantly greater than her monthly income.

In initially denying claimant's waiver request, the Labor Department told claimant that she had been informed on several occasions that if she received an overpayment, she would have to repay the money. Thus, the initial denial did not address the merits of claimant's request for waiver.

Claimant appealed, and at a hearing, a Labor Department employee testified as to its reasons for denying claimant's waiver request. She indicated that claimant had not met the Labor Department requirements for waiver because claimant had not demonstrated detrimental reliance or relinquishment of a valuable right because of her receipt of the unemployment benefits. The witness also testified that claimant was denied waiver because she was not retired and was otherwise able to work. She also noted that claimant had not applied for public assistance.

The witness indicated that the Labor Department denied waiver requests unless the claimant had actually applied for and had been denied public assistance, i.e., welfare benefits, food stamps, and rent subsidy. Absent such an application, the Department did not consider that there had been detrimental reliance on the unemployment compensation benefits.

The witness further indicated that, irrespective of the ratio of a claimant's income compared to the expenses for her and her family, if, as here, a claimant is young and capable of working and earning money, then the Labor Department will not waive repayment of any overpaid unemployment compensation. The witness testified that, if a claimant is not on a fixed government income, she has control over how much money she can make and that, therefore, waiver is inappropriate.

Claimant testified she would have applied for food stamps and investigated rent assistance and utility assistance if she had not received unemployment benefits. She did not, however, formally apply for such benefits; nor did claimant present evidence which demonstrated she would have been eligible for these benefits without the unemployment compensation.

Claimant also submitted information concerning her economic situation as of the time of the hearing. This evidence indicated that during the school year, claimant made approximately $420 per month as a school bus driver, and in the summer, she earned approximately $225 per month working as a scorekeeper for baseball games. The documents indicated that her normal expenses would be in excess of $1,000 per month. Claimant also testified that she was in the process of obtaining a divorce and that a child support/maintenance award had not yet been entered.

Claimant testified that the unemployment compensation benefits she received were used to help pay the rent for December and January. She further testified that at that time, she had two small children and that some of the money was used for food and milk for her oldest child, whereas some was used for various bills, baby food and formula, diapers, powder, and baby clothing. She also testified that part of the money was used to help pay for utilities and rent as well as gas for her car. Furthermore, while she was looking for employment, she paid some of the money to a babysitter. She also used the money for medical expenses for her children. Claimant also testified that her husband was out of work during much of the time she was receiving the unemployment benefits. There was, however, record evidence

indicating that husband was out of work only for a brief part of this period.

The Labor Department does not contend that the expenses listed by claimant were excessive or unreasonable. Therefore, it is uncontested that claimant spent her unemployment benefits for the necessaries of living for her and her children, *i.e.*, food, rent, utilities, and medical expenses. The Labor Department employee testified, however, that in her view the expenditure of unemployment benefits by the claimant for necessary living expenses was not sufficient to justify a waiver.

## I.

■ Claimant argues that because of her financial situation at the time of the repayment hearing and because she had spent all the unemployment money on necessary living expenses, it was inequitable, as a matter of law, for the referee and Panel not to waive the repayment of her unemployment compensation benefits. While we disagree with claimant that she was entitled to have her repayment obligation waived as a matter of law, we do conclude that proper consideration was not given to these factors by the referee and the Panel.

The referee and Panel denied claimant's waiver request primarily on the basis that she had not applied for other governmental benefits and because she did not otherwise prove her eligibility for such benefits had she applied. Neither the referee nor the Panel addressed claimant's argument that use of unemployment benefits for necessary living expenses, coupled with her poor economic state at the time of the hearing, was also a basis for waiving the repayment of unemployment benefits. This was error.

In *Hesson v. Industrial Commission*, 740 P.2d 526 (Colo.App.1987), this court held that if a claimant's financial condition required unemployment benefits to be spent on essential living expenses, this factor must be considered in determining if it would be inequitable to require repayment of those benefits by the claimant. Similarly, in *Kalkbrenner v. Industrial Claim Appeals Office*, 801 P.2d 545 (Colo. App.1990), this court stated:

[T]he referee here improperly focused upon Kalkbrenner's failure to give up any rights or to change her position as a result of her receipt of benefits. He also failed to consider other relevant factors including Kalkbrenner's financial problems and dire financial condition.

Hence, this issue should have been addressed here.

Furthermore, although the exact amount necessary for the support of claimant and her family is not clear from this record, it does appear that her monthly income at the time of the hearing placed her below the United States Department of Health and Human Services poverty income guidelines for a family of three for 1989. *See* 54 Fed.Reg. 7097 (1989). Moreover, since her husband's contribution to the family income was not ascertainable at the time of the hearing, on remand his contribution should be added.

Thus, *Duenas–Rodriguez v. Industrial Commission*, 199 Colo. 95, 606 P.2d 437 (1980), *Hesson*, and *Kalkbrenner* have all rejected the view implicitly espoused by the Labor Department that only people on subsidized fixed incomes, *i.e.*, elderly people on social security, may be considered for a waiver on the basis of their economic situation. Furthermore, the Labor Department's assumption that poor working people are able to earn more money than they are presently earning is without support in the record.

Here, for example, claimant testified that she was unable to secure other higher paying employment, and there is no evidence to rebut this testimony. In our view, the claimant's evidence, if true, indicates that at the time of the hearing, claimant's reasonable expenses to meet her family's basic needs were more than her income. Furthermore, since it appears the family is below the federal poverty guidelines, the result of collecting the previously paid unemployment benefits may well deprive claimant and her children of food, clothing, utilities, and a place to live. These are important factors in determining if it would be inequitable to require repayment.

Since the referee and Panel did not address either the issue of claimant's having spent the overpaid funds on basic necessities or her impoverished status at the time of the repayment hearing, the order cannot stand and the matter must be remanded for further proceedings.

## II.

Claimant next argues that, since she testified that she did not apply for food stamps and rent subsidies, she has demonstrated detrimental reliance as a matter of law. We disagree with claimant on this issue, but since the case is being remanded for determination on other aspects of the case, we also remand for clarification on the question of detrimental reliance/estoppel.

 In this regard, we reject the Labor Department's contention that a person must first apply for and then be rejected for other governmental benefits before they can prove detrimental reliance/estoppel as a basis for waiver. We agree with claimant that a requirement that she apply for and be denied other benefits is an unnecessary waste of time and not required by case law. *See Mugrauer v. Industrial Commission,* 709 P.2d 47 (Colo.App.1985).

 However, we do agree that a claimant relying on detrimental reliance/estoppel theory as the basis for a claim of waiver must prove by a preponderance of the evidence that he or she was eligible for such benefits. *See Hesson, supra.* We, therefore, agree that to the extent claimant relies on detrimental reliance/estoppel, on remand she must prove her eligibility for such benefits by establishing her economic situation at the time she was receiving the unemployment benefits as well as what the requirements were for receiving such benefits.

We note that one reason why claimant may not have been clear as to what she must prove at the hearing to establish her waiver right was the initial denial from the Labor Department. The Labor Department's initial denial of her request for waiver did not address the merits of claim-

ant's claim and did not point out to her why she was ineligible for a waiver. The Department's denial merely stated that claimant had been previously informed she would have to repay any overpayment.

The order is set aside, and the cause is remanded for further proceedings consistent with this opinion.

TURSI and RULAND, JJ., concur.