In the Matter of the Claim of M. Keith HART, Petitioner,

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE of the STATE OF COLORADO and the Division of Employment and Training, Respondents.**

No. 94CA1714.

Colorado Court of Appeals, Div. III.

June 15, 1995.

Rehearing Denied July 20, 1995.

Certiorari Denied April 8, 1996.

M. Keith Hart, Pro Se.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Kathleen M. Butler, Asst. Atty. Gen., Denver, for respondents.

Opinion by Judge HUME.

Petitioner, M. Keith Hart (claimant), seeks review of a final order of the Industrial Claim Appeals Panel which affirmed a determination of the hearing officer that claimant was not entitled to a waiver of his obligation to repay unemployment compensation benefits he had been overpaid. We affirm.

I.

Claimant contends that the hearing officer and Panel improperly applied Department of Labor & Employment Regulation 15.1, 7 Code Colo. Reg. 1101–2 (1994), in determining whether his waiver request should be granted. We find no reversible error.

A review of the history of Regulation 15.1 and its statutory counterpart, § 8–81–101(4), C.R.S. (1994 Cum.Supp.) is relevant to claimant's arguments. Section 8–81–101(4), in

pertinent part, authorizes the Division of Employment and Training (Division) to collect overpayments of benefits that were improperly obtained. It also allows the Division to waive recovery of an overpayment for various reasons.

Under an amendment enacted in 1979, Colo.Sess.Laws 1979, ch. 67, § 8–81–101(4)(a)(II) at 356, the Division was authorized, pursuant to rules and regulations to be promulgated by the then-applicable agency, the Industrial Commission, to waive the recovery of or to adjust all or part of the amount of any overpaid benefits that it might find to be noncollectible or that it might find to be administratively impracticable to collect.

In response to the 1979 amendment of § 8–81–101(4)(a)(II), Regulation 15.1 was adopted in 1980. *See* Department of Labor & Employment Regulation 15.1, 7 Code Colo. Reg. 1101–2 (October 1980). It directs the Division, in making such waiver determinations, to consider all relevant criteria including, but not limited to, certain listed factors.

In 1984, § 8–81–101(4) was repealed and reenacted. As part of that reenactment, the above-referenced statutory subsection, to which Regulation 15.1 applied, became the main substance of Colo.Sess. Laws 1984, ch. 60, § 8–81–101(4) at 320. That subsection has remained unchanged, in pertinent part, since then. *See* § 8–81–101(4)(b), C.R.S. (1994 Cum.Supp.).

Substantively, Regulation 15.1 also has remained essentially unchanged. However, despite the statutory changes, it has cited continuously to § 8–81–101(4)(a)(II) as its statutory reference.

■ Here, claimant argues that, because the Division has not yet changed the regulation's statutory reference cite from § 8–81–101(4)(a)(II) to § 8–81–101(4)(b) so as to reflect the statute's reorganization, the regulation contravenes the legislative purpose of § 8–81–101, C.R.S. (1986 Repl.Vol. 3B) and thus was inapplicable to his waiver request. He also argues that the regulation was applied improperly to the facts of his case. From the record, we find no reversible error.

While the current regulation does reference § 8–81–101(4)(a)(II) improperly, it is clear from the substance of the regulation that it properly pertains to § 8–81–101(4)(b). Thus, the regulation does not *per se* contravene the legislative purpose of the statute.

■ Furthermore, the hearing officer and Panel committed no reversible error in applying this regulation. The Division representative testified that she considered the criteria found in the regulation and determined that claimant met none of them. She concluded that claimant's waiver request could not be granted on that basis.

At the beginning of cross-examination of the Division representative, claimant admitted that he had never seen, considered, or relied on the regulation prior to the hearing. Consequently, the hearing officer gave claimant a copy of the regulation and allowed him to review it. After examining the regulation, claimant admitted that the criteria did not apply to him.

Since all parties agreed the regulation was not applicable to claimant, and claimant admitted he had not relied on the regulation in advancing his waiver request, the hearing officer and Panel did not err in determining that Regulation 15.1 would not support claimant's waiver request.

To the extent claimant argued that the hearing officer improperly applied the criteria of Regulation 15.1 to the exclusion of the application of the appropriate law concerning waiver of the recovery of an overpayment based on considerations of "inequitability," we reject it. To the contrary, the majority of the hearing officer's findings reflected consideration of factors related to any "inequitability" of allowing recovery of claimant's overpayment.

In concluding that any application of Regulation 15.1 resulted in harmless error in this case, we in no way condone the Division's failure to correct the statutory reference miscite in Regulation 15.1. Such a miscite could cause confusion for parties to future waiver of overpayment cases, and, indeed, in some circumstances could result in reversible error. The Division should correct this error without unnecessary delay.

## II.

■ Claimant further contends that the hearing officer erred in refusing to admit certain evidence. We disagree.

Here, claimant contends that the hearing officer prevented him from presenting evidence which would establish a foundation for a finding of detrimental reliance or inequitability. From the record, we find no reversible error.

The benefits claimant received in January, February, and March 1991 were later determined to have been overpaid. At the hearing, claimant attempted to present evidence concerning "what happened in 1990, 1991, and 1992." The hearing officer informed claimant that he would not relitigate the circumstances surrounding claimant's 1990 or 1991 employment separation and claimant agreed to this. However, the hearing officer allowed claimant to present evidence concerning his financial circumstances existing at the time the overpaid benefits were received and at the time of the hearing.

Claimant did not attempt to present further evidence, and neither the record nor claimant's written argument reveals what other evidence he would have sought to present. Further, claimant did not make an offer of proof to demonstrate the relevancy and admissibility of any excluded evidence or otherwise to preserve an objection to the hearing officer's ruling.

While claimant now argues that the excluded evidence would have supported a finding of inequitability or detrimental reliance, we have no record upon which to make such a determination. Thus, we find no error. *See* CRE 103; *Melton v. Larrabee,* 832 P.2d 1069 (Colo.App.1992).

## III.

■ To the extent claimant contends that the decision to deny his request for waiver is not supported by substantial evidence, we reject it. The record reveals that substantial evidence, and the inferences which may be drawn from it, support the determination. While the findings may not be a model of clarity, the basis for the determination is apparent from both the record and the deci-

sion. Thus, we will not set it aside for lack of clarity of expression by the hearing officer. *See Muhlenkamp v. Industrial Claim Appeals Office,* 802 P.2d 1127 (Colo.App.1990); *Southwest Forest Industries, Inc. v. Industrial Commission,* 719 P.2d 1098 (Colo.App. 1986); *Jones v. Industrial Commission,* 705 P.2d 530 (Colo.App.1985).

## IV.

We decline to consider claimant's argument that the hearing officer erred in indefinitely suspending collection efforts of the overpayment. Claimant failed to raise this issue before the Panel and thus did not properly preserve it for our review. *See Goodwill Industries v. Industrial Claim Appeals Office,* 862 P.2d 1042 (Colo.App.1993).

Accordingly, the Panel's order is affirmed.

JONES, J., concurs.

TAUBMAN, J., dissents.

Judge TAUBMAN dissenting.

Based upon my review of the record, I conclude that the referee applied an incorrect legal standard and improperly confused the regulatory and statutory grounds for granting a claimant a waiver of an overpayment of unemployment compensation benefits. Accordingly, because I would set aside the final order of the Industrial Claim Appeals Panel affirming the denial of a waiver, I dissent.

As the majority notes, claimant, M. Keith Hart, asserts that respondents, the Panel and the Division of Employment and Training, improperly applied Department of Labor and Employment Regulation 15.1, 7 Code Colo.Reg. 1101–2 (1994), in considering his request for waiving the recovery of an overpayment of unemployment compensation benefits he had received. The gist of claimant's argument is that Regulation 15.1 permits the Division to allow a waiver in very limited circumstances, in contrast to § 8–81–101(4)(a)(I), C.R.S. (1986 Repl.Vol. 3B), which permits waiver on the broader grounds of "inequitability," and that respondents considered only Regulation 15.1.

Regulation 15.1, by its terms, only describes conditions for waiving recovery of an overpayment on grounds that it is non-collectible or administratively impracticable. Although this regulation tracks the language of § 8–81–101(4)(b), C.R.S. (1986 Repl.Vol. 3B), the regulation itself erroneously cites the statutory reference as § 8–81–101(4)(a)(II), C.R.S. (1994 Cum.Supp.), a statutory prohibition on inequitability findings when a claimant has made a false representation or willfully failed to disclose a material fact.

Although § 8–81–101(4)(a)(I) permits waiver of recovery of an overpayment on grounds of inequitability, there is no regulation which implements it. Rather, that statutory provision has been broadly interpreted by a series of court decisions. See Munoz–Navarette v. Industrial Claim Appeals Office, 833 P.2d 827 (Colo.App.1992); Kalkbrenner v. Industrial Claim Appeals Office, 801 P.2d 545 (Colo.App.1990); Hesson v. Industrial Commission, 740 P.2d 526 (Colo.App.1987); Mugrauer v. Industrial Commission, 709 P.2d 47 (Colo.App.1985). These decisions have permitted, inter alia, consideration of whether the claimant has relinquished a valuable right, changed his or her position for the worse, used unemployment benefits for daily living expenses, limited his or her expenses while receiving unemployment benefits, applied for or foregone public assistance, and whether his or her income was below the federal poverty income guidelines.

Although the criteria for granting a waiver in Regulation 15.1 are not exclusive, those that are listed are much more limited: death, total and permanent disability, retirement from the labor force, bankruptcy, and the determination that the cost of collection exceeds the amount of overpayment.

Here, claimant originally sought a waiver of the overpayment on the ground that it would be an undue hardship for him to repay it and that he could not afford to repay it. He cited § 8–81–101(4)(a)(I) in support of his position. Although the referee found that the claimant spent his unemployment benefits on everyday expenses and that he would be "in the hole" approximately $650 given his income and expenses at the time of the hearing, the referee found that "no basis exists upon which the waiver can be granted." In my view, this conclusion manifests a failure by the referee to recognize that claimant's spending of the overpaid benefits on everyday expenses would be a proper factor to consider when deciding claimant's waiver request and suggests that the referee did not follow or was unaware of Kalkbrenner v. ICAO, supra.

Furthermore, from my review of the record, it appears that the referee considered the criteria for waiver set forth in Regulation 15.1 as going to the question of whether claimant was entitled to obtain a waiver on grounds of inequitability. And the referee considered those criteria even though claimant did not assert that he was seeking a waiver in the circumstances for which Regulation 15.1 was intended—that recovery of the overpayment would be administratively impracticable or that the overpayment was noncollectible. Indeed, during the brief hearing, there was extensive testimony from the Division's representative concerning the applicability of Regulation 15.1, even though it was irrelevant. Similarly, in his decision, the referee concluded that the claimant had not met the requirements of Regulation 15.1, "nor has he shown that his income is below the poverty level, or that it would be inequitable to require repayment of the overpayment."

Not only do I share the majority's view that the referee's findings may not be a model of clarity, I further conclude that they suffer from the infirmity of erroneous consideration of Regulation 15.1, together with only partial consideration of the factors which go toward a finding of inequitability under the statute. See Boice v. Industrial Claim Appeals Office, 800 P.2d 1339 (Colo.App.1990) (where findings of fact and conclusions of law are insufficient and inconsistent, it is unclear whether proper legal standard was applied to facts; thus, remand for clarification and further findings is necessary).

It also appears that by not developing evidence regarding all the factors concerning inequitability, the referee did not comply with his regulatory duties to safeguard the rights of the parties and "to fully and fairly

develop the record." *See* Department of Labor and Employment Regulation 11.2.9, 7 Code Colo.Reg. 1101–2 (1994).

Further, inasmuch as the Panel concluded that the referee's decision reflects consideration of the pertinent factors, the referee's legal error has carried over into the Panel's decision. Additionally, contrary to the referee's finding that repayment would put claimant "in the hole," the Panel erroneously stated that the referee had found that the claimant had adequate household income and assets to meet his expenses for the current year.

Accordingly, I would remand for a new evidentiary hearing and consideration of claimant's request based only upon § 8–81–101(4)(a)(I), C.R.S. (1986 Repl.Vol. 3B) and the above cited cases interpreting it.